CHARLES E. MYERS *vs.* JOHN SMITH, OF M., AND JOHN W. BARRICK.

*Pleading—Promissory Note—Evidence.*

A. declared against B., first, upon a promissory note; secondly, for money payable for goods bargained and sold; and thirdly, on an account stated between them. B. pleaded as to the three counts—that he never was indebted as alleged; and for a second plea to the first count, that he never promised as alleged. At the trial A. produced in evidence a paper purporting to be a promissory note. HELD:

That to maintain the issue joined on the first count only, this instrument was not admissible, in---- ,ch as it was not a promise to pay a fixed and certain amount, but an a unt subject to vary upon certain contingencies, but being offered to su port the issues generally, it was admissible as *prima facie* evidence, under the second count, of a balance due for goods sold and delivered, subject to the deductions stipulated in the agreement.

This paper having been thus offered and rejected, the plaintiff was offered as a witness, and detailed the particulars of a verbal contract entered into between himself and the defendant, Smith, about a week prior to the date of this paper, in which it was agreed that Smith would buy the plaintiff's interest in a certain crop of wheat for the sum of $840. He also proved that a day or two afterward he was informed by Smith that the defendant, Barrick, was partner with him in the purchase of the wheat; and that on the same day they paid him on account the sum of $420. On his cross-examination it was proven that the balance of $420 was secured by this paper, and that the terms of payment were expressed in it, that they had not been mentioned by any of the parties when the contract for said sale was made, and not until after the said $420 had been paid, but were mentioned afterwards and agreed to by plaintiff; and that no other than the contract which was reduced to writing, was entered into by said parties on that day relative to the said unpaid purchase money. The defendants thereupon moved the Court to withdraw from the consideration of the jury all that portion of the testimony relating to the unpaid purchase money, upon the ground that inasmuch as the contract for the payment thereof had been reduced to writing, it was not competent to give parol proof thereof, without producing the written contract. HELD:

That the testimony relating to the unpaid purchase money having been brought out by the defendants on cross-examination, it was not competent for them to object to it under the circumstances.

APPEAL from the Circuit Court for Frederick County.

A sufficient statement of the facts of the case will be found in the opinion of the Court.

The cause was argued before BOWIE, C. J., BARTOL, and WEISEL, J.

*Oliver Miller, Wm. B. Nelson, and Wm. P. Maulsby* for the appellant.

1st. There was error in the ruling in the first exception, because, though the note or paper writing may not have been admissible under the first count of the declaration, it was clearly so under the second count. "for goods bargained and sold." It is clear law that where a contract has been fully executed, and nothing remains to be done but the payment of the money, it is not necessary to declare upon it specially, but the plaintiff may recover upon a *quantum meruit,* and give in *evidence* the *agreement* as part of the *res gestæ. Ridgely vs. Crandall and wife,* 4 *Md. Rep.,* 441 ; *Ellicott vs. Peterson's Exc'rs,* 4 *Md. Rep.,* 491 ; *Bull vs. Schuberth,* 2 *Md. Rep.,* 57 ; 1 *Chitty's Pleadings,* 289, 339, 345. The Court was therefore in error in rejecting this paper. The plaintiff had the right to commence with his evidence and introduce it in such order as he chose. He could, under these authorities, introduce the contract, and then follow it up with proof that it had been fully executed by delivery and acceptance of the goods sold under it. The proposition decided by the Court, that the paper was not admissible in evidence under the pleadings, was too broad, and therefore erroneous.

2d. There was also error in the ruling in the second exception. The evidence given by the plaintiff was admitted in the first instance, and then the Court was asked to withdraw it from the consideration of the jury, upon the ground that it appeared there was a written contract between the parties, and it was not competent to give parol proof thereof without proving the writing.

Now whatever force this objection might have had, if taken at the proper time, it was too late, after the proof was in without objection, to ask the Court to withdraw it from the jury. The defendants were bound to make the objection when the proof was offered, for they then knew of the existence of the written contract.

*Grayson Eichelberger* for the appellees.

*1st Exception.* Recognizing as clear and undisputed law, too well settled by authority to be controverted, "that where a contract has been fully executed, and nothing remains to be done but the payment of the money, the amount can be recovered in *indebitatus assumpsit,* and it is not necessary to declare upon or set out the special agreement;" the appellees respectfully submit that it is equally clear, that "where the contract remains in full force, as in this case, it must constitute by virtue of its own terms, the evidence of the agreement itself, even where the plaintiff relies upon the common money counts, and no other evidence will be admitted." Such, we submit to the Court, is the case before your Honors. There is in the record no evidence of the full execution of the contract, so that nothing remained to be done but the payment of the money. There was no obstacle in the way to prevent the appellant from offering proof of that fact, if such proof existed, but no such proof was, because no such proof could be, produced. The evidence specified in this exception was therefore properly excluded, and the ruling of the Court below, it is respectfully submitted, should be affirmed. 1 *Chitty's Pl.,* 380, 381 (*6th American Ed.;*) *Jenkins vs. Long & Byrne,* 8 *Md. Rep.,* 142; *Cushman vs. Sim's Adm'r,* 2 *H. & J.,* 352.

*2d Exception.* It is submitted that the parol evidence, embodied in the second exception, was properly withdrawn from the jury, and that the appellee's motion for its exclusion was not too late. The second and third

counts in the appellant's declaration, were for goods sold and delivered, and on an account stated between them, and the appellees could not know, as in fact there was nothing to show, that the transaction of which the witness was speaking was not a different one entirely from that covered by the written contract, until that fact was brought out from the witness on cross-examination. The record shows that the counsel for the appellees moved to withdraw the evidence from the jury, as soon as it appeared, from the cross-examination of the witness, that the contract of which he was speaking, had been reduced to writing. The objection could not have been taken sooner, as the foundation for it was not laid until it was brought out on the cross-examination, that the contract of which witness was speaking, was in writing. The objection then having been taken in time, it can scarcely be necessary to adduce authority to show that parol evidence of the contract was inadmissible, in the absence of all proof of its loss or destruction. *Worthington vs. Bullitt et al.*, 6 *Md. Rep.*, 172.

Bowie, C. J., delivered the opinion of this Court.

The exceptions brought up on this appeal are taken to the refusal of the Court below to permit the evidence offered by the appellant (the plaintiff below), and other evidence elicited by the appellee, on cross-examination of the appellant as a witness, to be considered by the jury.

The first exception referring to the pleadings, it is proper to state them briefly.

The amended *nar* of the plaintiff contained three counts; the first, on a promissory note, described therein as joint and several, and dated the 31st of May, 1864, then over due, for four hundred and twenty dollars, payable to the plaintiff ninety days after date.

The second, for money payable by the defendants to the

plaintiff, for goods bargained and sold; the third, for money found to be due from the defendants to the plaintiff on an account stated between them. The defendants, as to the first, second and third counts, pleaded " they were never indebted as alleged ;" and for a second plea to the first count, the defendants say, " they never promised as alleged ;" on which several pleas issues were joined.

The appellant, to maintain the issues on his part, having first proved its execution, offered the following paper :

" $420.00. Frederick County, May 31st, 1864.

" Ninety days after date, we, or either of us, promise to pay to Charles E. Myers, four hundred and twenty dollars, being the balance due on the crop of wheat purchased by us from said Myers, with this express understanding and agreement, that should loss or difficulties occur from any cause whatever, by any person or persons claiming an interest or portion of the share of said Myer's interest in the wheat crop aforesaid, on the farm of Col. Jacob M. Kunkel, on which Myers lately resided, then and in that event, such loss or deduction to be taken from the amount to be paid by this note.

"JOHN SMITH, of M.
"JOHN W. BARRICK."

To which the appellees objected as inadmissible under the pleadings in the cause, which objection the Court sustained and the appellant excepted, which constitutes the ground of the first exception.

If this instrument had been offered by the appellant to maintain the issue joined on the first count in the *nar* only, which declares on a promissory note, the objection to its admissibility would have been well taken, for the paper does not amount to a valid promissory note, not being a promise for a fixed and certain amount, but for an amount subject to vary upon certain contingencies.

*Vide Story on Promissory Notes*, sec. 20 ; *Bayley on Bills*, ch. 1, sec. 4, *p.* 11 (*5th Edition*). *Story on Bills*, sec. 42. 20 *Pick. Rep.*, 132.

But the paper was offered to support the issues generally, and if admissible upon either of the issues, it was error to reject it entirely.

Being a promise to pay a liquidated sum, after a period then passed, as a balance due for goods sold and delivered, it was *prima facie* evidence under the second count, subject to the deducting referred to therein, upon proof of the happening of the loss or difficulties if any.

It was incumbent on the defendants to show what loss had occurred, to entitle them to the deductions stipulated in the agreement. It did not appear when the paper was offered that any such had occurred. If such losses had appeared, it was no ground for rejecting the evidence, but entitled the defendants to an abatement *pro tanto.* We think the Court below erred in excluding the paper under these circumstances.

The second exception arises as follows :

The former testimony having been offered and rejected, the plaintiff was offered as a witness, and detailed all the particulars of a verbal contract entered into between himself and John Smith, of M., about one week prior to the 31st of May, 1864, in which it was agreed that Smith would buy the plaintiff's interest in a crop growing on a farm of Jacob M. Kunkel, sown in the autumn of 1863, and to be cut during the harvest of 1864 ; that Smith was to discharge the duties of the plaintiff to his landlord, by cutting and securing one half for the benefit of Kunkel, and to have for himself the other half, for which he agreed to pay $840. In a day or two afterwards, Smith told the plaintiff that the defendant, Barrick, was partner with him in the purchase of the crop. On the morning of the 31st of May, 1864, the plaintiff met the defendants, Smith and Barrick, and it was agreed amongst all the

parties that Smith and Barrick purchased plaintiff's interest in said wheat for the sum of $840; on the same day the defendants paid plaintiff $420, in part of said purchase money ; the defendants did, during the harvest of 1864, cut and secure said wheat crop and take to themselves one half thereof.

The defendant, then, *on cross-examination* of said witness, proved by him that on the 31st of May, 1864, the balance of the said sum of $840, after payment of said sum of $420, was secured by a written paper, and that the terms of payment were expressed in said paper ; that said terms expressed in said paper, had not been mentioned by any of the parties when the contract for sale of said interest in said wheat crop was made, and not until after the said $420 had been paid, but were mentioned afterwards and agreed to by plaintiff. That no other contract than that which was reduced to writing as aforesaid, was entered into by said parties on that day, relative to the unpaid purchase money for said wheat, which is sought to be recovered in this action. Whereupon the defendants moved the Court to withdraw from the consideration of the jury all that portion of the testimony of the plaintiff relating to the unpaid purchase money for said wheat, because it appears from the testimony of the said witness that the contract for the payment thereof, and the terms on which it was to be paid, were reduced to writing and signed by the defendants, and it is not competent for the plaintiff to give parol proof thereof, without producing the written contract, which motion the Court granted, and the plaintiffs excepted. This ruling of the Court below is excepted to in the appellant's brief, on the ground that it was too late to object to the testimony of the plaintiff, under the circumstances of his examination in this case; to which the appellees reply, that the objection was raised as soon as it was made to appear that the facts, of which parol testimony had been given, were reduced to writing.

To our apprehension, as the facts are presented by the record, the testimony of the plaintiff, relating to the terms of the agreement by which the unpaid purchase money was secured to be paid, being brought out by the defendants on cross-examination, it was not competent for them to object to it under the circumstances of this case. The paper, the non-production of which was the alleged ground of excluding the parol evidence of its contents, had been presented and proved by the plaintiff, and was excepted to and excluded at the instance of the defendants. There was no pretext of want of information of the existence, or of the contents of the paper, or of the identity of the agreement. These were apparent upon the face of the paper. The defendants drew out the facts with full knowledge that they had been reduced to writing.

The paper was not such an instrument as merged the antecedent parol contract. It was but a security for the payment of the balance of the purchase money, on a credit, which having expired, it was competent for the plaintiffs to sue on the original contract, notwithstanding the writing. It did not necessarily exclude other evidence.

"The general rule is, that the acceptance of a security or undertaking of equal degree is, of itself, no extinguishment of the former debt. Thus the acceptance by a creditor from his debtor of his promissory note, for an antecedent simple contract debt, does not extinguish the original debt, (both being of equal degree in the eye of the law,) if it remain in the hands of the creditor unpaid and he can produce it to be cancelled or show it to be lost. But he will not be suffered to recover on the original cause of action, unless he can show the note to have been lost, or produces it at the trial to be cancelled." *Glenn vs. Smith,* 2 *G. & J.,* 508 ; *Wyman vs. Roe,* 11 *G. & J.,* 425. In the present case, as we have seen, the security was in Court, ready to be impounded. There being error

in the rulings of the Court below, on both the first and second exceptions, the judgment must be reversed and *procedendo* awarded.

> *Judgment reversed and procedendo awarded.*

(Decided 16th May, 1867.)